UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Civil Action No. 24-cv-23766-BB

LAUREN BAKER,

Plaintiff,

v.

LENNAR REALTY, INC.

Defendant.

**DEFENDANT LENNAR REALTY, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF LAUREN BAKER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF CONTENTS


I. SUMMARY OF ARGUMENT .......... 1

II. SUMMARY JUDGMENT STANDARD .......... 1

III. RELEVANT BACKGROUND .......... 2

IV. BAKER CANNOT MEET HER BURDEN AT SUMMARY JUDGMENT .......... 3

A. Copyright Registration Did Not Include IMG_8841 .......... 4

B. Baker Did Not Show Use Of Her Photographs In All Listings .......... 4

1. Baker cites to immaterial "facts" .......... 5

2. Baker relies on an unproduced document .......... 10

3. Baker failed to provide pinpoint citations to Exhibits 3–5 .......... 10

4. Genuine disputes of material fact regarding use exist .......... 13

5. Baker cannot rely on documents from Stellar MLS or Zillow .......... 14

a. Unauthenticated documents cannot be used .......... 15

b. Inadmissible hearsay cannot be used .......... 17

V. CONCLUSION .......... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Airlines, Inc. v. Spada*,
2024 WL 4472016 (S.D. Fla. Sept. 21, 2024)....................15

*Bell v. Taylor*,
827 F.3d 699 (7th Cir. 2016).................... 6

*Benessere Inv. Grp., LLC v. Swider*,
2024 WL 4652090 (S.D. Fla. Oct. 31, 2024)....................12

*Bouchat v. Baltimore Ravens Football Club, Inc.*,
346 F.3d 514 (4th Cir. 2003).................... 6

*Charles v. Convergent Outsourcing, Inc.*,
2014 WL 11878463 (S.D. Fla. Nov. 5, 2014)....................11

*Compulife Software, Inc. v. Newman*,
111 F.4th 1147 (11th Cir. 2024)....................3, 5

*Cultivos Yadran S.A. v. Rodriguez*,
258 F.R.D. 530 (S.D. Fla. 2009)....................13

*Day v. Sarasota Doctors Hosp., Inc.*,
2021 WL 288969 (M.D. Fla. Jan. 28, 2021)....................15

*Fastcase, Inc. v. Lawriter, LLC*,
907 F.3d 1335 (11th Cir. 2018).................... 4

*Fitzgerald v. McNae*,
769 F. Supp. 3d 1291 (S.D. Fla. 2025).................... 1, 2, 13

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
856 F.3d 1338 (11th Cir. 2017), aff'd, 586 U.S. 296 (2019).................... 4

*Griffin v. United States*,
2021 WL 4947180 (M.D. Fla. July 30, 2021)....................10

*Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*,
101 F. Supp. 3d 1201 (N.D. Fla. 2015).................... 6

*Jones v. UPS Ground Freight*,
683 F.3d 1283 (11th Cir. 2012).................... 17, 18

*Leonard v. Stemtech Int'l, Inc.*,
834 F.3d 376 (3d Cir. 2016) .......................................................................... 6

*Mackie v. Rieser*,
296 F.3d 909 (9th Cir. 2002) ........................................................................6, 7

*Macuba v. Deboer*,
193 F.3d 1316 (11th Cir. 1999) .................................................................. 17, 18

*Marine Diesel Repairs, LLC v. M/Y Dream On*,
596 F. Supp. 3d 1303 (S.D. Fla. 2022) ...........................................................15

*Moore v. Pooches of Largo, Inc.*,
2023 WL 5566515 (M.D. Fla. July 24, 2023), aff'd,
2025 WL 1445581 (11th Cir. May 20, 2025) ...................................................10

*MSP Recovery Claims, Series LLC v. Am. Nat'l Prop. & Cas. Co.*,
550 F. Supp. 3d 1311 (S.D. Fla. 2021) ...........................................................16

*Naval Logistic, Inc. v. M/V Family Time*,
2024 WL 3691535 (S.D. Fla. Aug. 6, 2024)............................................... 1, 2, 5

*Ordonez-Dawes v. Turnkey Properties, Inc.*,
2008 WL 828124 (S.D. Fla. Mar. 27, 2008)..................................................... 8

*Paguaga v. Pinnacle One Price Dry Cleaning of Davie, LLC*,
2021 WL 2784611 (S.D. Fla. June 15, 2021)...................................................12

*Pronman v. Styles*,
676 Fed. Appx. 846 (11th Cir. 2017)................................................................ 6

*Regalado v. Atrium Health*,
2024 WL 3813955 (11th Cir. Aug. 14, 2024)................................................3, 5

*SMS Audio, LLC v. Belson*,
2017 WL 1533971 (S.D. Fla. Mar. 20, 2017)...................................................16

*Straus v. DVC Worldwide, Inc.*,
484 F. Supp. 2d 620 (S.D. Tex. 2007) .............................................................. 6

*Trinidad v. Expedia Grp., Inc.*,
2024 WL 4634071 (S.D. Fla. Oct. 31, 2024)....................................................17

*United States v. Broomfield*,
591 Fed. Appx. 847 (11th Cir. 2014)...............................................................16

*Watson v. K2 Design Grp., Inc.*,
2016 WL 11783284 (S.D. Fla. Aug. 9, 2016).................................................... 8

*Webb v. Carnival Corp.*,
360 F. Supp. 3d 1339 (S.D. Fla. 2017) .......... 5

*Wilkerson v. Carnival Corp.*,
2025 WL 2269861 (S.D. Fla. June 17, 2025) .......... 13

*Yellow Pages Photos, Inc. v. YP, LLC*,
856 Fed. Appx. 846 (11th Cir. 2021) .......... 6, 8

**Statutes**

17 U.S.C. § 411(a) .......... 3, 4, 5

17 U.S.C. § 504(a) .......... 6

17 U.S.C. § 504(b) .......... 6, 9

**Other Authorities**

Fed. R. Civ. P. 26 .......... 9

Fed. R. Civ. P. 56 .......... 1, 3, 10, 11, 12, 13, 15

Fed. R. Civ. P. 802 .......... 17

Fed. R. Civ. P. 803(6) .......... 17

Fed. R. Evid. 801 .......... 17

Fed. R. Evid. 804 .......... 17

Fed. R. Evid. 902 .......... 16

Local Rule 56.1 .......... 1, 3, 10, 12

## I. SUMMARY OF ARGUMENT

Baker's motion for partial summary judgment, which seeks summary judgment on the issue of liability, should be denied. First, she did not register a copyright in the Photograph titled "IMG_8841," and therefore cannot state a claim for copyright infringement with respect to that Photograph. Second, for the Photographs included in her registration, Baker did not meet her burden at summary judgment because (1) she relies on immaterial facts, (2) she relies on an unproduced document, (3) she fails to show use for each of the 286 listings and did not comply with Local Rule 56.1 or Rule 56, (4) there are genuine disputes of material fact regarding use for each listing, and (5) Baker cannot rely on unauthenticated hearsay.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Naval Logistic, Inc. v. M/V Family Time*, 2024 WL 3691535, at *1 (S.D. Fla. Aug. 6, 2024). "An issue of fact is material if, under the applicable substantive law, it might affect the outcome of the case." *Id.* (cleaned up). "An issue of fact is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* (cleaned up). The movant must show the absence of a genuine dispute of material fact by "citing to particular parts of the materials in the record," with pin-cites. Fed. R. Civ. P. 56(c)(1); S.D. Fla. L.R. 56.1.

"The moving party bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Fitzgerald v. McNae*, 769 F. Supp. 3d 1291, 1296–97 (S.D. Fla. 2025) (citations omitted). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that

there is indeed a material issue of fact . . . ." *Id.* (citation omitted). If a movant carries its burden, "the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Navel Logistic*, 2024 WL 3691535, at *2. All the evidence and factual inferences reasonably drawn from the evidence are viewed in favor of the nonmovant. *Id.* at *1.

## III. RELEVANT BACKGROUND

Lennar is a Florida real estate corporation. ECF No. 46 ¶ 1. It acts as the realtor for Lennar Homes, Inc., a non-party. *Id.* ¶ 2. Lennar Homes is a builder in Mirada. *Id.* ¶¶ 3–4.

Baker claims she is a photographer. *Id.* ¶ 5. She is also a resident in Mirada, together with her husband Brian Baker, a real estate agent. *Id.* ¶ 6. On May 27, 2023, Baker took seven pictures of the Mirada community pool (the "Photographs"). *Id.* ¶¶ 7–9.

Baker and her husband created and moderated a public Facebook group called "Lagoon Living" that advertised community events in Mirada. *Id.* ¶ 11. Either on May 27 or May 31, 2023, Baker posted the Photographs to her Facebook page. She also, on unknown dates, posted the Photographs to webpages owned or operated by her husband as part of his efforts to market and sell houses. *Id.* ¶ 10. Lennar mistakenly believed Mirada's master developer had created the "Lagoon Living" page and had posted the pictures because, at the time they were posted, Mirada had not yet even had its grand opening, which took place in June that year. *Id.* ¶¶ 12–13. Beginning on or about June 1, 2023, Lennar posted some of Photographs in listings posted to Stellar MLS. *Id.* ¶ 14. The listings using Baker's Photographs also used other images created for Lennar, such as images of

house elevations for new homes. *Id.* ¶ 15. None of the Photographs were posted for the first time by Lennar after March 11, 2024. *Id.* ¶ 16.

On April 29, 2024, Baker registered the copyright in IMG_8840, IMG_8839, IMG_8838, IMG_8837, IMG_8836, and IMG_8835. *Id.* ¶ 17. Baker did not register the copyright in IMG_8841. *Id.* ¶ 18.

## IV. BAKER CANNOT MEET HER BURDEN AT SUMMARY JUDGMENT

Baker must prove two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Regalado v. Atrium Health*, 2024 WL 3813955, at *3 (11th Cir. Aug. 14, 2024); *accord Compulife Software, Inc. v. Newman*, 111 F.4th 1147, 1156 (11th Cir. 2024). "The first element requires compliance with 17 U.S.C. § 411(a) . . . and pursuant to § 411(a), '[r]egistration of a copyright is a precondition to filing suit for copyright infringement.'" *Regalado*, 2024 WL 3813955, at *3 (quoting *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1339 (11th Cir. 2017), aff'd, 586 U.S. 296 (2019)). The second element "comprises two subparts, factual and legal copying, both of which [Baker], as the plaintiff, has the burden to prove." *Compulife Software*, 111 F.4th at 1156 (cleaned up). The factual copying inquiry asks if "the defendant, as a factual matter, copied portions of the plaintiff's [work]." *Id.* (citation omitted; cleaned up).

As discussed below, Baker is not entitled to summary judgment because (A) her copyright registration does not include IMG_8841; and (B) Baker failed to show that Lennar used at least one of her Photographs in each of the 286 at-issue listings because (1) she relies on immaterial facts, (2) she relies on an unproduced document, (3) she did not comply with Local Rule 56.1 or Rule 56, (4) there are genuine disputes of material fact regarding use, and (5) the documents from or screenshots of Zillow and Stellar MLS cannot be considered.

**A. Copyright Registration Did Not Include IMG_8841**

"[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "'Registration' of a copyright is a precondition to filing suit for copyright infringement." *Fourth Estate*, 856 F.3d at 1339. Thus, a "complaint claiming infringement of an unregistered copyright can be dismissed for failure to state a claim." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1341 (11th Cir. 2018).



Baker argues she registered a copyright in IMG_8841. ECF No. 51 at 7. Her argument is directly contradicted by her deposition and the certified copy of the registration certificate. ECF No. 15 ¶ 7 (IMG_8841); ECF No. 46-1, L. Baker Dep. 16:19–17:11 (admitting Photograph was not in Registration);[1] ECF No. 46-2 (certified copy of Registration Certificate). Baker's failure to register IMG_8841 precludes her from bringing a claim for infringement for that Photograph. 17 U.S.C. § 411(a); *Fourth Estate*, 856 F.3d 1338 (affirming dismissal of copyright claim because plaintiff did not register the copyright). Her motion with respect to IMG_8841 should therefore be denied.

**B. Baker Did Not Show Use Of Her Photographs In All Listings**

Baker is also not entitled to summary judgment for the six other Photographs she did register because she cites to immaterial facts, relies on an unproduced document, did not

[1] Citations to transcripts are composed of the docket number where the transcript can be found and a pin-cite to the deposition's page (not the ECF page) and line numbers.

cite to particular portions of the record as required, ignores record evidence creating a genuine dispute of material fact regarding use, and relies on unauthenticated hearsay.

### 1. Baker cites to immaterial "facts"

"Factual disputes that are irrelevant or unnecessary will not be counted" at summary judgment. *Webb v. Carnival Corp.*, 360 F. Supp. 3d 1339, 1343 (S.D. Fla. 2017). A dispute is irrelevant if the fact from which it arises is immaterial. A fact is immaterial when it will not affect the outcome. *Id.* at 1344; *see also Naval Logistic*, 2024 WL 3691535, at *1.

The relevant law requires (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Regalado*, 2024 WL 3813955, at *3; *accord Compulife Software*, 111 F.4th at 1156. "The first element requires compliance with 17 U.S.C. § 411(a)"; that is, registration. *Regalado*, 2024 WL 3813955, at *3. The second element, in relevant part, requires a showing that "the defendant, as a factual matter, copied portions of the plaintiff's [work]." *Compulife Software*, 111 F.4th at 1156 (citation omitted).

Baker includes several facts that are irrelevant. Baker's experience as a photographer, Lennar's business and place of business, and the size of Lennar or its market share, ECF No. 48 at ¶¶ 1–4, are all irrelevant to the elements of her claim. Also irrelevant is the "fact" that homes were purchased by separate buyers and each purchase was accomplished through a separate closing. *Id.* at ¶¶ 16–17. None of that information makes it more or less probable that Baker owns a registered copyright or that Lennar used Baker's Photographs.

Even Lennar's total annual revenue, *Id.* at ¶ 4, is immaterial.[2] That is because only profits attributable to the alleged infringement are potentially recoverable. To recover such

---

[2] The source cited by Baker, a link to Wikipedia, is unauthenticated and cannot be considered at summary judgment. *Infra* § IV.B.5.a.

profits, however, Baker had to show a causal connection between the alleged infringement and Lennar's gross revenues, which she did not do.

A copyright plaintiff can seek "any additional profits of the infringer, as provided by subsection (b)," 17 U.S.C. § 504(a), but those profits must be "attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Here, Baker includes a "fact" taken from Wikipedia about Lennar's annual revenue. ECF No. 48 at 2 nn. 2–3. Annual revenue is not the same as gross revenue attributable to the alleged infringement. The former is irrelevant because § 504 limits the type of gross revenue *potentially* available, and Baker came forward with no information showing a causal link between the latter and the alleged infringing activity.

Regarding the point on causation, § 504(b) requires a plaintiff to "show a causal relationship between the infringement and profits [sought to be disgorged]." *Pronman v. Styles*, 676 Fed. Appx. 846, 848 (11th Cir. 2017). A plaintiff can "not seek gross revenues based entirely on a speculative connection to [her] claim." *Yellow Pages Photos, Inc. v. YP, LLC*, 856 Fed. Appx. 846, 863 (11th Cir. 2021). Other courts agree.[3]

In *Mackie*, the plaintiff created a piece of outdoor artwork. 296 F.3d at 911–12. The defendant, a symphony, hired a separate artist to create a direct-mail subscription campaign. *Id.* at 912. The artist created a montage of images from the defendant's hall and other aspects of local culture, which included photographs of the plaintiff's outdoor artwork with

[3] *See, e.g.*, *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 395 (3d Cir. 2016); *Bell v. Taylor*, 827 F.3d 699, 710 (7th Cir. 2016); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522–23 (4th Cir. 2003); *Mackie v. Rieser*, 296 F.3d 909, 915–16 (9th Cir. 2002); *Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*, 101 F. Supp. 3d 1201, 1217 (N.D. Fla. 2015); *Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 645 (S.D. Tex. 2007)).

changes. *Id.* The defendant incorporated the infringing work into a brochure mailed to 150,000 people. *Id.* The plaintiff sought, *inter alia*, disgorgement of profits. *Id.* at 913.

The district court granted summary judgment in favor of the defendant on the issue of disgorgement. *Id.* at 911. The Ninth Circuit agreed, reasoning there were "virtually endless permutations to account for an individual's decision to subscribe . . ., reasons that have nothing to do with the artwork in question." *Id.* at 916. The court gave a short list of examples: "was it because of the Symphony's reputation, or the conductor, or a specific musician, or the dates of the concerts, or the new symphony hall, or the program, or the featured composers, or community boosterism, or simply a love of music, or . . . ?" *Id.* "In the absence of concrete evidence, [the plaintiff's] theory [was] no less speculative than [the court's] effort . . . to enumerate even a relatively short list of the myriad factors that could influence an individual's purchasing decisions." *Id.*

Similar to the plaintiff in *Mackie*, Baker did not come forward with evidence showing a causal link between the alleged infringing activity (posting pictures of the Mirada community pool among MLS listing information) and the ultimate sale or renting of particular homes. And as in *Mackie*, there are "virtually endless permutations to account for an individual's decision to" buy or rent a home. Was it because of the home itself, Lennar's reputation, the location, layout, or price of the home, the quality of construction, the school district for which the home was zoned, the home's architecture or design, the proximity to family or friends, the proximity to work, the buyer's/renter's timeline, or something else altogether? "In the absence of concrete evidence, [Baker's] theory is no less speculative," *Mackie*, 296 F.3d at 916.

The district court's reasoning in *Yellow Pages*, which the Eleventh Circuit adopted, is also instructive. 856 Fed. Appx. at 847, 863–64. There, the plaintiff argued that "the causal relationship between the use of [its] images in Defendants' ads and the revenue Defendants received from the sale of those ads is evident by simply observing the Defendants' ads containing YPPI images." *Id.* at 864. The court found this argument lacking. Even the testimony that the defendants found "images to be vital to advertisements" did "not show a connection specifically between use of [the plaintiff's] images and profits from advertisements." *Id.*

Similarly, here, Baker appears to be asserting that simply using her Photographs is enough to show causation. That, however, is the very kind of argument both the district court and Eleventh Circuit rejected in *Yellow Pages*.

And in *HH Advertising, Inc. v. Unique Vacations, Inc.*, Chief Judge Altonaga found a plaintiff failed to present evidence demonstrating a causal connection between the alleged infringement and the defendant's gross revenues. 2025 WL 2027556, *26 (S.D. Fla. July 21, 2025). There, the plaintiff "presented no testimony, expert or otherwise, establishing the relationship between the infringement and the revenue numbers it submitted. The result [was] that Plaintiff's submissions [were] undifferentiated gross revenue numbers, which [were] inadequate to support disgorgement." *Id.* Chief Judge Altonaga concluded the plaintiff had failed to carry its burden given the lack of evidence. *Id.*; *see also Watson v. K2 Design Grp., Inc.*, 2016 WL 11783284, at *12 (S.D. Fla. Aug. 9, 2016) (same conclusion when a plaintiff provided gross sales "connected to [her] claim by speculative assumptions"); *Ordonez-Dawes v. Turnkey Properties, Inc.*, 2008 WL 828124, at *4 (S.D. Fla. Mar. 27, 2008) (rejecting argument that because "[d]efendants used . . . copyrighted works

in promoting their home sales that the sales of *any* homes during the relevant time period are related to the infringement" (emphasis removed)).

Similarly, Baker failed to identify each property sold or rented because Lennar used one or more of the Photographs, and when directly asked to do so, Baker answered that she had "no personal knowledge[.]" ECF No. 46-3 at 4–5. Moreover, interrogatory 9 asked Baker to "[d]escribe in detail all facts that support or refute the amount of Lennar's revenues that [Baker] claim[ed] [were] attributable to Lennar's alleged infringement as described in the Amended Complaint." *Id.* at 13. Baker said to "[s]ee [her] response to Interrogatory No. 7," which stated Baker was "not aware of Lennar's profits[.]" *Id.* at 10, 13.

In addition, Baker has no witness to show causation. She only listed herself in her Rule 26 disclosures, ECF No. 46-7 at 1, and as shown above she has no information about Lennar's revenues or why any at-issue home was rented or sold. And even though Baker added her husband as a potential witness in response to an interrogatory, ECF No. 46-3 at 3, he has no information regarding causation either. Baker's deposition testimony clarified that Brian Baker's expected testimony has nothing to do with a putative causal link between Baker's Photographs and Lennar's sales, rentals, or gross revenues. *See* ECF No. 46-1, L. Baker Dep. 36:22–37:19. Nor did Baker disclose an expert or serve an expert report. Thus, she has no witness—expert or lay—to opine or testify on the issues of gross revenue or causation. Compounding the lack of witnesses, Baker never asked Lennar to produce information about its gross revenues. *See generally* ECF Nos. 46-8–46-9.

In short, Lennar's total annual revenue is irrelevant because § 504(b) is limited to profits attributable to the alleged infringement and, separately, Baker did not come forward with evidence establishing a causal link between such profits and the alleged activity.

**2. Baker relies on an unproduced document**

As part of her argument that Lennar posted the Photographs to each listing, Baker provides an "example" of a Zillow listing. ECF No. 51-1 at 8. The example does not include any photographs. The real problem, however, is that Baker never produced the example, nor did she include it in her Amended Complaint, *see generally* ECF No. 15 at 25–37.

"By its language, Rule 37(c)(1) 'bars use of information not provided under 26(a) or (e) unless the failure was substantially justified or harmless." *Griffin v. United States*, 2021 WL 4947180, at *14 (M.D. Fla. July 30, 2021) (citations omitted). "To avoid sanctions, the rule-breaking party must show substantial justification or harmlessness." *Id.* at *15. Baker's failure to produce the printout was not substantially justified or harmless because she neither disclosed the document, ECF No. 46-7 at 3, nor did she produce the document when asked to produce "[a]ny Documents Concerning [her] claim Lennar actually copied [her] Common-Area Photographs," ECF No. 59-3, Pl.'s Resp. to First Req. for Prod. at 14; *see also id.* at 19, 25, 27, 34. Baker's surprise tactics should not be rewarded or permitted.

**3. Baker failed to provide pinpoint citations to Exhibits 3–5**

More still, Baker failed to comply with Local Rule 56.1 or Rule 56. Local Rule 56.1(b)(1)(B)–(C) requires a movant to support each material fact with "specific, pinpoint references to particular parts of the record material," and expressly says that "a general citation to an exhibit without a page number or pincite . . . is non-compliant." The Local Rule matches the requirement imposed by Rule 56. Rule 56 says a movant "must support" a fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). As such, "[c]ourts are 'under no independent obligation to rummage through the . . . exhibits submitted . . . in search of some excerpt that might bolster [a party's] point.'" *Moore v.*

*Pooches of Largo, Inc.*, 2023 WL 5566515, at *1, n.1 (M.D. Fla. July 24, 2023), aff'd, 2025 WL 1445581 (11th Cir. May 20, 2025); Fed. R. Civ. P. 56(c)(3). And the Southern District routinely denies motions for summary judgment where the movant fails to offer enough evidence in the manner required by the Local Rule or Rule. *See, e.g.*, *Tek Grubu Gayrimenkul Franchising Pazarlama ic v. dis Ticaret Anonim Sirketi*, 2024 WL 4415220, at *1 n.1, 3 n.3, 4 (S.D. Fla. Oct. 4, 2024); *Charles v. Convergent Outsourcing, Inc.*, 2014 WL 11878463, at *1 (S.D. Fla. Nov. 5, 2014).

Here, Baker's motion attached an Exhibit 3. ECF No. 51-4. The Exhibit 3 attached to Baker's motion is comprised of 27 pages, which list hundreds of addresses with links to Zillow. *Id.* There is no information about who complied the list. Nor is it apparent that the webpages supposedly accessible through the links are actually in the record.

At the same time, the declaration of Baker's counsel attached Exhibit 4 and Exhibit 5, even though Baker's statement of material facts does not include a citation to either. *Compare* ECF No. 48, *with* ECF Nos. 52-1–52-7 (Decl. Exhibit 4) and ECF No. 56-1 (late filed Decl. Exhibit 5). The declaration's Exhibit 4 spans 1,848 pages. *See generally* ECF Nos. 52-1–52-7. The declaration's Exhibit 5 spans 446 pages. *See generally* ECF No. 56-1. Because neither Exhibit is referenced in Baker's statement of material facts, none of the "facts" she puts forward in that statement are supported by either Exhibit.

And Baker's motion does not provide any clarity. As part of her effort to show use, which goes to the second element of her copyright claim, Baker argues:

> The Zillow History for each property at issue in this case can be found at the URLs attached as **Exhibit 3** of this Motion. Each and every Zillow History lists Defendant and Stellar MLS as the source of listing.

> For example, The Audit Photographs produced by Stellar MLS for # T3473224 include twenty-two (22) photographs, including six (6) of Baker's photographs. [**Exhibit 4**].
>
> Audit Photographs for each property are included in **Exhibit 5 of Deal Declaration**.

ECF No. 51-1 at 10 (bolding in original); *see also id.* at 8. Putting aside the confusion wrought by Baker's use of different Exhibits bearing the same number,[4] the net effect of her argument is an improper attempt to shift the burden away from herself to the Court. Indeed, her argument boils down to one example followed by vague references to more than 2,000 pages consisting of hundreds of links and thousands of pictures. Her argument is an implicit request for the Court to go "hunting for truffles buried in [the record]." *Benessere Inv. Grp., LLC v. Swider*, 2024 WL 4652090, at *7 (S.D. Fla. Oct. 31, 2024) (citation omitted).

Perhaps Baker did not want to spend the time needed to provide the Court with pin-cites to show what, if any, Photographs were used for what listing. Or perhaps Baker knew the materials she attached did not show use of her Photographs for all the listings and so she sought to obfuscate. Either way, the Court should reject Baker's improper tactic. *See Paguaga v. Pinnacle One Price Dry Cleaning of Davie, LLC*, 2021 WL 2784611, at *3 (S.D. Fla. June 15, 2021), adopted, 2021 WL 2783964 (S.D. Fla. July 2, 2021).

With Baker's failure to comply with Rule 56(c)(1) and Local Rule 56.1, it is apparent she failed to carry her burden at summary judgment. And because she did not carry her

---

[4] Baker submitted two different Exhibits 3 and two different Exhibits 4. Baker's statement of material facts cites Teresa Ward's deposition as Exhibit 3, *see, e.g.*, ECF No. 48-1 at 4, ¶ 14, whereas the Exhibit 3 attached to the motion is a listing of hundreds of Zillow links, ECF No. 51-4. Separately, there is an Exhibit 4 attached to Baker's motion, ECF 51-5, and another Exhibit 4 attached to the declaration of Baker's counsel. ECF Nos. 52-1–52-7. The Exhibit 4 attached to the motion appears to be a portion of Exhibit 5 attached to the declaration of Baker's counsel. *Compare* ECF No. 51-5, *with* ECF 56-1 at 2–4.

burden, the burden never shifted to Lennar. *Fitzgerald*, 769 F. Supp. 3d at 1296–97. What's more, she precluded herself from an entitlement to judgment as a matter of law by failing to meet her burden. *Cf.* Fed. R. Civ. P. 56(a).

**4. Genuine disputes of material fact regarding use exist**

"But wait, there were pin-cites to Ward's deposition," Baker might say in reply. The problem is that those citations ignore Ward's errata sheet, the whole of Ward's testimony, and Lennar's denials to requests for admission and in its answer.

Baker asserts that Ward, as Lennar's corporate representative, admitted during her deposition that Lennar used at least one of Baker's Photographs in each of the at-issue listings. She does this through two different citations to Ward's deposition testimony. ECF Nos. 48 ¶¶ 18–19, 51-1 at 14. Neither helps Baker.

In her motion, Baker relies on the following question and answer:

> Q. Okay. So there we go. So let me ask it in a, I think, a clearer way.
> Did Lennar use at least one photograph of Ms. Baker's in each of the 286 listings at issue in this case?
>
> A. Yes.

ECF No. 51-1 at 14 (citing ECF No. 51-3, T. Ward Dep. 65:1–6). Baker's argument ignores Ward's errata sheet. Ward's errata sheet corrected her testimony, such that the answer to the question of whether Lennar used at least one Photograph in each listing now reads: "No." ECF No. 59-1, T. Ward Errata Sheet (updating page 65, line 6).[5]

[5] The "majority view interpret[s] Rule 30(e) broadly," such that a deponent may change the substance of deposition testimony. *Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 533 (S.D. Fla. 2009); *see also Wilkerson v. Carnival Corp.*, 2025 WL 2269861, at *2–3 (S.D. Fla. June 17, 2025) (overruling objections to order denying motion to strike errata sheet and rejecting minority view of Rule 30(e)).

The correction reflected in the errata sheet matches other parts of Ward's testimony. Apropos, for her second citation to Ward's deposition testimony, Baker cites page 62, line 23 through page 63, line 19. ECF No. 48 ¶¶ 18–19 (citing ECF No. 52-3, T. Ward Dep. 62:23–63:19). In doing so, Baker conveniently omits two lines that completely destroy the false narrative she attempts to weave. Indeed, the *complete* line of questioning ends with:

> A. The photographs were used. We're not – yes, the photographs were used. It was an honest mistake on the behalf of an associate, but, yes, the photographs were used.
>
> **Q. In all 286 listings?**
>
> **A. Not in all 286 listings.**

ECF No. 52-3, T. Ward Dep. at 63:16–21 (lines omitted by Baker in bold).

Furthermore, Lennar denied use of Baker's Photographs for scores of listings. ECF No. 59-2, Def.'s Am. Resp. to Pl.'s First Req. for Admis. ¶¶ 1–4, 6, 10, 12–16, 19–21, 24–27, 29, 32–34, 36–41, 43–49, 54–55, 65, 67–68, 72–74, 76–78, 87–91, 94–96, 98–99, 101–02, 104–05, 108, 110, 112–14, 116, 118–22, 284–87.[6] Lennar also denied use in its answer, ECF No. 20 ¶¶ 10–11, 14–15, 25, meaning the allegations Baker points to are meaningless.

In short, Lennar did not admit using Baker's Photographs, or even just one Photograph, in all the at-issue listings. Baker failed to come forward with specific citations to the record showing the opposite. She therefore failed to carry her burden.

**5. Baker cannot rely on documents from Stellar MLS or Zillow**

Baker faces another hurdle. She cannot rely on inadmissible hearsay in the form of unauthenticated internet pages and documents.

[6] Baker did not rely on Lennar's responses to requests for admission. *See* ECF Nos. 48, 51-1.

Rule 56(c)(2) allows a party to "object that the material cited to support . . . a fact cannot be presented in a form that would be admissible in evidence." "When a party objects to the admissibility of evidence, '[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.'" *Marine Diesel Repairs, LLC v. M/Y Dream On*, 596 F. Supp. 3d 1303, 1309 (S.D. Fla. 2022) (citation omitted; cleaned up); *see also Am. Airlines, Inc. v. Spada*, 2024 WL 4472016, at *8 (S.D. Fla. Sept. 21, 2024) ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.").

Here, Baker submitted screenshots from Zillow, links to Zillow webpages but not the webpages themselves, copies of system printouts from Stellar MLS, and copies of pictures from Stellar MLS, all in an effort to prove Lennar used her Photographs. ECF Nos. 51-2 (Zillow screenshot), 51-4 (Zillow hyperlinks), 52-2 at 26–38 (Zillow screenshots); 51-3 (Stellar MLS printout), 51-5 (Stellar MLS pictures), 52-2 at 15–17 (Stellar MLS screenshots), 52-4–52-7 (Stellar MLS printouts), 56-1 (Stellar MLS pictures). She did not authenticate those documents, nor did she show the documents could be admissible at trial.

**a. Unauthenticated documents cannot be used**

"[U]nauthenticated documents generally cannot be considered on a motion for summary judgment." *Day v. Sarasota Doctors Hosp., Inc.*, 2021 WL 288969, at *6 (M.D. Fla. Jan. 28, 2021) (citation omitted). A court can consider unauthenticated evidence on a motion for summary judgment only "if the evidence is unchallenged or 'where it finds that those records could be reduced to admissible evidence at trial.'" *Spada*, 2024 WL 4472016, at *8 (citations omitted).

At trial, unauthenticated documents are inadmissible. *United States v. Broomfield*, 591 Fed. Appx. 847, 851 (11th Cir. 2014). Furthermore, "[w]ebsites are not among the

categories of documents that may be self-authenticated under Federal Rule of Evidence 902." *MSP Recovery Claims, Series LLC v. Am. Nat'l Prop. & Cas. Co.*, 550 F. Supp. 3d 1311, 1319 (S.D. Fla. 2021) (citation omitted; cleaned up). "To authenticate printouts from a website, the party proffering the evidence must produce some statement or affidavit from someone with knowledge of the website; for example, a web master or someone else with personal knowledge would be sufficient." *Id.* (citations omitted; cleaned up).

Baker did nothing to authenticate the documents taken from the internet and those produced by Stellar MLS. To be certain, there is no declaration or affidavit from Zillow or Stellar MLS—or anyone else with personal knowledge for that matter—attempting to authenticate the documents.

While Baker submitted a declaration from her counsel stating the documents from Stellar MLS were "true and correct copies of the documents produced by Stellar MLS," ECF No. 52 ¶¶ 2d–e, such a statement is insufficient. Baker's counsel lacks the required personal knowledge to say the documents are what they purport to be. To be certain, Baker's counsel cannot, and does not attempt to, say what the documents actually are, when they were created, how they were created, how they were kept, or whether keeping them was part of a regular practice. Additionally, Baker did not submit a declaration that she saw the documents on the internet and then printed them on a particular day. *Cf. SMS Audio, LLC v. Belson*, 2017 WL 1533971, *3 (S.D. Fla. Mar. 20, 2017).

Baker also did not identify any witness who would have the personal knowledge required to authenticate the documents. *See* ECF No. 46-3 at 4. The lack of any such witness is profound because "[t]he possibility that unknown witnesses will emerge to provide testimony on this point is insufficient to establish that the [document] could be reduced to

admissible evidence at trial." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012).

Without a showing by Baker that she could authenticate the documents, the documents from or screenshots of internet pages cannot be used at the summary judgment.

**b. Inadmissible hearsay cannot be used**

Assuming Baker could authenticate the documents, she still faces a hearsay problem. Baker submits the Zillow and Stellar MLS documents to prove Lennar used her Photographs, which goes to the second element of her copyright infringement claim. In other words, Baker submits the documents for the truth of the matter asserted. As such, the information is hearsay. *See* Fed. R. Evid. 801(a)–(c).

"The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'" *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (citation omitted); Fed. R. Civ. P. 802 (hearsay is inadmissible). "While inadmissible hearsay may sometimes be considered by a court when ruling on summary judgment, it cannot be used when that hearsay cannot be reduced to admissible form at trial." *Trinidad v. Expedia Grp., Inc.*, 2024 WL 4634071, at *2 (S.D. Fla. Oct. 31, 2024) (citing *Pritchard v. S. Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996)).

Baker did not identify any exception, *see* Fed. R. Evid. 803–804, in her motion or explain how the information could be reduced to admissible form at trial. Even the most likely exception to be argued, the business records exception, Fed. R. Civ. P. 803(6), has not been satisfied. There is no testimony or certification from a records custodian showing the documents were (i) made at or near the time by or from information transmitted by someone with knowledge; (ii) kept in the course of a regularly conducted business activity of

a business; and (iii) made as part of a regular practice. And, as with her authentication problem, Baker did not identify any witness who would have the personal knowledge required to show the business records exception applies. *See* ECF No. 46-3 at 4.[7] Again, "[t]he possibility that unknown witnesses will emerge to provide testimony on this point is insufficient to establish that the hearsay statement could be reduced to admissible evidence at trial." *Jones*, 683 F.3d at 1294.

With no exception to the rule against hearsay, the documents from Zillow and Stellar MLS cannot be used at summary judgment. *See Macuba*, 193 F.3d at 1322.

## V. CONCLUSION

Baker's motion for partial summary judgment on liability should be denied. Baker did not show she owns a registered copyright in IMG_8841. And with respect to the other Photographs that are included in the copyright registration, Baker failed carry her burden because she cited immaterial facts, relied on an unproduced document, and relied on inadmissible hearsay that was unauthenticated and cannot be reduced to an admissible form. What's more, there are genuine disputes of material fact regarding use as reflected in Ward's errata sheet and deposition testimony, as well as Lennar's responses to dozens of requests for admission. For those reasons, the Court should deny Baker's motion.

[7] The records are not Baker's and, thus, she lacks a basis to herself establish the business records exception.

Respectfully submitted,

**CARLTON FIELDS, P.A.**

*/s/ David R. Wright*
Eleanor M. Yost (FBN 1003178)
David R. Wright (FBN 119453)
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, FL 33607
Phone: 813-223-7000
Fax: 813-229-4133
Email: eyost@carltonfields.com
dwright@carltonfields.com

*Attorneys for Defendant Lennar Realty, Inc.*